IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:11-CV-49-FL

| | |
|---|---|
| NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>    Defendant. | ORDER |

This matter is before the court on plaintiff's motion for temporary restraining order and other equitable relief (DE # 5) and motion for expedited relief (DE # 8). Defendant responded in opposition, and plaintiff replied. In this posture, the issues raised are ripe for review. For the reasons that follow, plaintiff's motion for a temporary restraining order is denied, and plaintiff's motion for expedited relief is granted in remaining part.

## STATEMENT OF THE CASE

Plaintiff filed complaint on February 1, 2011, including request for declaratory judgment and a preliminary or permanent injunction. Immediately thereafter, on February 2, 2011, plaintiff filed motion for temporary restraining order and other equitable relief, seeking among other things order requiring defendant to remove from defendant's website certain statements regarding plaintiff (Pl.'s Mem. Supp. TRO, at 2.) On February 4, 2011, plaintiff filed a motion for expedited relief, asking that the court grant the relief sought in the complaint and the motion for temporary restraining order on expedited basis.

Plaintiff is respondent in an administrative proceeding initiated by defendant to investigate allegedly anticompetitive conduct by plaintiff. (Compl. ¶ 15); (Def.'s Resp. Opp'n Mot. TRO, at 2.) In its motion for expedited relief, plaintiff brought to the court's attention an evidentiary hearing in the administrative proceeding that is scheduled to commence on February 17, 2011, at 10:00 a.m., in Washington, D.C. A final prehearing conference is scheduled for February 15, 2011.

Before the close of discovery in the administrative proceeding, plaintiff filed a motion to dismiss the entire administrative complaint. Defendant ruled on the motion, and notified plaintiff that defendant's opinion and order denying plaintiff's motion to dismiss, as well as a "news release describing these documents," would be placed on the public record, including defendant's website, no sooner than 11:00 a.m. on Tuesday, February 8, 2011. (Pl.'s Mot. Expedited Relief ¶ 6.)

On February 7, 2011, defendant responded in opposition to plaintiff's motion for temporary restraining order and other equitable relief, arguing that plaintiff has failed to satisfy the requirements for injunctive relief, to which plaintiff replied on February 8, 2011.

## DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure allows a court to enter temporary restraining orders. Fed. R. Civ. P. 65. Rule 65(b) specifically provides for the issuance of temporary restraining orders without notice, yet the analysis is the same when the nonmoving party has notice, as is the case here. The court may grant a temporary restraining order if the moving party establishes four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds 130 S. Ct. 2371 (2010), reinstated in

relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). All four requirements must be satisfied. Id.

Upon careful consideration of the issues raised, the undersigned concludes that plaintiff has failed to satisfy the requirements for a temporary restraining order. Among other things, plaintiff has failed to show that the threatened harm is sufficiently immediate so as to warrant the extraordinary remedy of a temporary restraining order. For example, plaintiff has failed to show how placing information regarding the administrative proceedings on the public record, or on defendant's website, will result in irreparable harm to plaintiff or the citizens of North Carolina, if relief is not granted preliminarily. Substantive issue of or relating to the likelihood of plaintiff's success on the merits looms large concerning whether plaintiff seeks this court improperly to enjoin ongoing administrative enforcement proceedings. The present showing is not sufficient to warrant a temporary restraining order. Plaintiff's request for temporary restraining order is DENIED.

The case shall proceed now on motion for preliminary injunction. To the extent that plaintiffs' motion for expedited relief seeks expedited scheduling considerations, in this part the motion is ALLOWED. The parties are DIRECTED to confer and provide a joint report and plan on case scheduling matters within fourteen (14) days of entry of this order. If either side deems that conference by telephone with the court may aid in final development of a case management order, said request may be made in the form of the joint report and plan.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for temporary restraining order (DE # 5) is denied. To the extent plaintiff's motion for expedited relief (DE # 8) seeks expedited scheduling

considerations, the motion is granted in this part.

SO ORDERED, this the 9th day of February, 2011.

                                        LOUISE W. FLANAGAN
                                        Chief United States District Judge