IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:11-CV-49-FL

| | |
|---|---|
| NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL TRADE COMMISSION, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

This matter comes now before the court in furtherance of case scheduling activities, where the court expedited this consideration and directed in order entered February 9, 2011, that the parties confer and provide their joint report and plan. The parties' submission was received February 23, 2011 (DE # 15), and five days later, as anticipated, defendant filed motion to dismiss (DE # 17). The joint report addresses the topics and deadlines noted in the court's initial order. It also conveys request for decision on defendant's motion to dismiss before proceeding further in the case.[1]

Plaintiff, however, urges this should not delay consideration of its motion for a preliminary injunction. Plaintiff requests opportunity to address at oral argument both motions. Defendant urges that the court should determine first whether it has jurisdiction, where the crux of defendant's motion to dismiss is that this court does not have jurisdiction over the dispute, before considering any other

---

[1] The court notes that the case deadlines proposed by the parties are all written in a way that depends on when the court decides the motion to dismiss. For instance, the joint report provides that the parties will exchange information required by Federal Rule of Civil Procedure 26(a) within ten days after the court issues an order regarding the motion to dismiss.

question, including whether injunction should issue. Defendant requests that if the court wishes to hold a hearing on the motion to dismiss, to which plaintiff has not yet responded, hearing be undertaken first on its motion, before any hearing on plaintiff's motion for preliminary injunction.

In furtherance of the just, speedy, and inexpensive determination of this action, where the parties implicitly request stay of this proceeding until decision on the motion to dismiss, the court stays progress of action pending this decision. And upon decision on the motion to dismiss, where the parties have determined that no additional evidence or briefs are necessary with respect to whether a preliminary injunction should be issued, the court promptly will turn to that motion should defendant's motion be denied.

If hearing is determined likely to aid in decision on that motion to dismiss, hearing will be set by the court. Hearing in that instance will not, however, be consolidated with one on the motion for preliminary injunction. Rather, said motion speedily will be taken up separately. If the case proceeds, the court also promptly will enter its case management order, with deference to the parties' joint report and plan.

SO ORDERED, this the 14th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge